O’NIELL, J.
George M. I-Iearne and Minor Meriwether brought suit in the district court in Caddo parish against G. G. Gillette, a resident of Tulsa, Okl., for a sum near $30,000, represented by two promissory notes for $15,-000 each, subject to certain credits. Plaintiffs obtained a writ of attachment, commanding the sheriff to seize and take into his possession and hold-until the further orders 'of the court any and all property, rights, credits, money, and effects of the defendant that might be found in the parish of Caddo. Garnishment proceedings were obtained, and interrogatories were propounded to the Commercial National -Bank of Shreveport. The bank denied owing the defendant anything, and denied having any money or property belonging to him, except certain certificates of stock in several corporations, which the bank alleged had been pledged by Gillette to secure an indebtedness which he owed to the bank. Plaintiffs obtained a rule to traverse the bank's answers to the interrogatories. J. W. Patterson filed a petition of intervention in the garnishment proceedings, claiming one of the stock certificates held by the bank for 10,000 shares of stock in the Paramount Petroleum Company, of the par value of $10,-000. In answer to the rule to traverse the answers to the interrogatories, the bank admitted having in its possession other stock certificates issued in the name of Gillette, which, however, the hank claimed were owned by other parties. The garnishment proceedings were submitted on an admitted statement of facts, and judgment was rendered in favor of plaintiffs and against the garnishee, declaring the stock certificates in the hands of the garnishee “subject to tbe seizure under the writ of attachment herein issued and under the garnishment process served upon the said garnishee.” The bank, as garnishee, and Patterson, intervener, both asked for a new trial, which was refused, and they both obtained orders of appeal, in the ’ alternative, suspensive and devolutive. Patterson gave bond for the amount fixed for the suspensive appeal, and the bank gave bond only for the amount fixed for the devolutive appeal.
In the meantime, judgment was rendered against Gillette ,by default, condemning him to pay plaintiffs the amount -sued for, sustaining the writ of attachment, and declaring that plaintiffs’ lien and privilege, by reason thereof, should be recognized and enforced against all property seized thereunder, that the sheriff should be instructed to seize and sell the said property, and that plaintiffs’ claim should be paid out of the proceeds in preference and priority over all other persons.
Plaintiffs then proceeded by rule to compel the garnishee to deliver to the sheriff the stock certificates referred to in the garnishment proceedings, to be sold by the sheriff to satisfy the judgment rendered in favor of plaintiffs in preference and priority over all other persons. The bank and Patterson filed a joint answer to the rule, averring that the stock had not been legally or validly seized, because, as they averred, the sheriff had not taken possession of the certificates and a transfer of the stock had not been forbidden by injunction. They invoked section 13 of Act ISO of 1910, viz.:
*337 “No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined.”
Insisting that tlie stock had not been legally or validly seized, Patterson contended that, if it had been legally seized, his suspensive appeal had stayed execution of the judgment as far as it affected the 10,000 shares of stock claimed by him. And, again insisting that the stock had not been legally or validly seized in this suit, the bank and Patterson averred that a part of the stock held by the bank had been seized by virtue of a writ of sequestration in another suit, and that, if the stock could be validly seized by such garnishment proceedings as were had herein, it had boon seized by virtue of writs of attachment in two other suits, in which the bank was made garnishee.
After trial, the rule was made absolute, ordering the bank to deliver the stock certificates to the sheriff. The bank and Patterson asked for orders of appeal from the judgment, which were refused. The matter is before us on writs of certiorari and mandamus to compel the granting of the- orders of appeal.
Our opinion is that relators are entitled to the orders of appeal. By the judgment rendered against them in the garnishment proceedings, from which judgment one of them has perfected a suspensive appeal as far as he is concerned and the other has taken only a devolutive appeal, the garnishee was not ordered to deliver the stock certificates to the sheriff. According to the ruling in Lehman, Stern & Co. v. E. Martin & Co., 132 La. 231, 61 South. 212, the court had no authority to order the garnishee to deliver the stock certificates to the sheriff before judgment for the alleged debt was rendered against the defendant, alleged to be the owner of the stock. But, if a judgment ordering the garnishee to deliver the stock certificates to the sheriff could then have been, and had been, rendered against the garnishee, the latter would have had a right to stay execution of the judgment, and the intervener, Patterson, would .have had a right to stay• execution against the stock claimed by him, by taking a suspensive appeal. That the judgment rendered against the garnishee did not order a surrender of the stock certificates to the sheriff is very likely the reason why the garnishee perfected only a devolutive appeal instead of a suspensive appeal from the judgment. It is true the order upon the garnishee to surrender the stock certificates to the sheriff does not authorize the -sheriff to sell the stock; but it would be a partial execution of the judgment heretofore rendered against the-garnishee and Patterson.
The writ of mandamus prayed for herein is made peremptory, directing the judge of the district court to grant the orders of appeal prayed for by relators. The costs of this mandamus proceeding are to be paid by the plaintiffs, I-Iearne and Meriwether.